## Abel *vs* Cave.

APPEAL FROM THE MARION CIRCUIT.

*Jurisdiction.    Election.    Rescission of contracts.*

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

DURING the pendency of an action on the case, for alledged fraud in the sale of a family of slaves, by Cave to Abel, the latter also filed a bill in Chancery reiterating the charge of fraud in concealing latent and fatal unsoundness, alledging that Cave was about to remove with his property, beyond the jurisdiction of the Court, for the purpose of defeating the action at law, suggesting the death of two of the slaves, and an offer to return the residue and rescind the contract, and praying for an attachment, and for a decree of rescission, and for general relief.

During the term at which Cave's answer was filed, but before the filing of it, he procured a rule on Abel, requiring him to elect which of the two suits he would prosecute; and, although the record shows no formal election, yet it does show that, not long after the filing of the answer, Abel dismissed his action at law, and that the parties concentrated their efforts, in a vigorous and protracted preparation for a final decision of the suit in Chancery.

The answer denied the alledged offer to rescind, and the imputed intention to remove, as well as the fraud charged in the bill—and also resisted the jurisdiction of the Court. And there is no proof either of any offer to rescind the contract, or of the insolvency, or intended re-

CHANCERY.

Case 46.

*October* 12.

The case stated.

The Chancellor has no jurisdiction to rescind for fraud in the sale of a slave, where an offer to rescind is alledged, without proof

of such offer if denied.

moval of Cave. And consequently, however strong the proof as to the alledged unsoundness may be, a Court of Equity had no jurisdiction, unless the rule requiring an election, should estop Cave from objecting to the prosecution of the suit in Chancery in the event of an election to dismiss the action on the case. But this was insufficient to authorize a decree for any relief sought by the bill.

The Chancellor cannot put a complainant who has instituted suits at law and in chancery, to his election, before answer filed.

It was irregular to require an election before answer: (*Cooper's Equity*, 275; *Milford's Pleadings*, 199.) And Abel could not have been rightfully compelled to elect until, by answer or otherwise, Cave had pleaded to the jurisdiction or waived all objection thereto. But he did, in fact, dismiss his action after Cave's answer denying jurisdiction, had been filed—and moreover, it is not certain that the dismission was even a consequence of the rule.

We are, therefore, of the opinion that the premature rule did not essentially operate on the answer or the question of jurisdiction.

For want of apparent jurisdiction, therefore, we feel constrained to approve and affirm the decree of dismission without prejudice.

*Owsley & Goodloe* for appellant: *Monroe* for appellee.